PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| LESA KRITES, | ) | |
| | ) | CASE NO.  5:21CV891 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WAYNE COUNTY CAREER CENTER | ) | |
| BOARD OF EDUCATION, *et al.*, | ) | |
| | ) | **ORDER** |
| Defendants. | ) | [Resolving ECF No. 23] |

Pending before the Court is Defendants' Motion for Summary Judgment.  *See* ECF No. 23. Plaintiff Lesa Krites filed a brief in opposition.  *See* ECF No. 26.  Defendants replied.  *See* ECF No. 28.  Having been duly advised by the parties' filings and the applicable law, the Court grants summary judgment in favor of Defendants on all pending claims.

## I.        Background

### A.  Undisputed Facts

The parties jointly submitted the following undisputed facts.[1]

1.  Plaintiff Lesa Krites has been employed with Defendant Wayne County Career Center Board of Education ("Board of Education" or "WCSCC") since August 2010.  ECF No. 30 at PageID #: 1535.

2.  During her employment, Plaintiff served in various positions, including: a) Part-Time Cook/Instructor with the Mentoring Our Mothers for Success Program (MOMS); b) Part-Time

---

[1] Significantly, these jointly stipulated facts acknowledge the theories and legal positions held by the parties *after* the completion of summary judgment briefing and filing of the Amended Complaint.

(5:21CV891)

Cook with WCSCC's Adult Education Department; c) Part-Time Instructional Aide/Monitor ("Instructional Aide") (Culinary Arts); d) Culinary Arts Teaching Assistant (Part-Time); and e) Part-Time Instructional Aide (Culinary Arts; Powerline Technologies; Study Hall).  *Id.*

3.  John "Kip" Crain ("Defendant Crain," "Superintendent," or "Dr. Crain") is the Superintendent of WCSCC and has been employed in this position since 2004.  *Id.*

4.  Plaintiff was issued a One-Year Long Term Substitute Teacher Career Technical License (4-12) in the Teaching Field of Culinary Arts and Food Service Management ("Long-Term Substitute License) in 2012. She held the Long-Term Substitute License while serving in the position of Culinary Arts Teaching Assistant.  *Id.*

5.  Plaintiff applied for the vacant Culinary Arts Instructor position on April 30, 2018. Plaintiff was interviewed for the vacant Culinary Arts Instructor position and participated in two rounds of interviews (*i.e.*, first and final round of interviews).  ECF No. 30 at PageID #: 1536.

6.  Peter Kerling was selected to fill the vacant Culinary Arts Instructor position. Dr. Crain recommended that the Board hire Kerling to serve in the position of Culinary Arts Instructor at its meeting on June 20, 2018.  *Id.*

7.  Plaintiff was employed by the Board to serve as a part-time Instructional Aide in Culinary Arts effective at the beginning of the 2018-2019 school year.  *Id.*

8.  Plaintiff was assigned to the Powerline Technologies Program as an Educational Aide effective at the beginning of the 2018-1019 school year.

9.  An Educational Aide Permit was required for the Powerline Technologies Instructional Aide position.  *Id.*

10.  Plaintiff's License was voided.  After the license was voided, she was provided with a credit of $25.00.  *Id.*

(5:21CV891)

11.  Plaintiff's Long-Term Substitute License was not revoked.  *Id.*

12.  There is a difference between a license being revoked and a license being voided.  *Id.*

13.  ODE does not generate a separate email or letter notifying an individual that his/her license or permit has been voided.  *Id.*

14.  Plaintiff was issued a One-Year Educational Aide Permit on May 25, 2019.  *Id.*

15.  Plaintiff was assigned to serve as an Instructional Aide for Study Hall effective at the beginning of the 2020-2021 school year.  *Id.*

16.  An Educational Aide Permit is required for the position of Instructional Aide for Study Hall.  *Id.*

17.  Plaintiff was issued a One-Year Educational Aide Permit on July 18, 2020.  ECF No. 30 at PageID #: 1537.

### B.  Factual Disputes

Plaintiff asserts two claims for relief in the Amended Complaint (ECF No. 31): 1) violation of civil rights pursuant to 42. U.S.C. § 1983, and 2) violation of the Fifth and Fourteenth Amendments of the United States Constitution.  Plaintiff asserts that her state-law recognized contract of employment amounted to a property right protected by the due process clauses of the Fifth and Fourteenth Amendments.  *See* ECF No. 26 at PageID #: 1374.  Plaintiff also alleges that Defendant John Crain, in his individual capacity as superintendent, "intentionally misled/tricked the Ohio Department of Education into voiding" Plaintiff's Long-Term Substitute Teaching License in Culinary Arts without her consent.  ECF No. 26 at PageID #: 1369-1370.

Defendants retort that Plaintiff's license was properly voided.  *See* ECF No. 28 at PageID #: 1509-1513.  Defendants rely on the following:

3

(5:21CV891)

> As mentioned in Defendants' MSJ, in May of each year, [CTE Manager Chris] Boyan reminds Instructional Aides and other non-teaching/classified employees of their need to renew their required permits, including Permits in preparation for the upcoming school year.  In May 2019, Boyan informed employees, including [Plaintiff] Krites, of the need to renew their Permits.  On or about May 14, 2019, Boyan informed Crain that Krites had already applied for her License and paid the $25.00, but needed to apply for a Permit and wanted to figure out if there was a way she would not have to pay any additional fees for the Permit

ECF No. 28 at PageID #: 1509 (internal citations omitted).

Defendants contend that the voiding of Plaintiff's license was not nefarious, rather her license was voided to allow her to apply for the necessary Educational Aide Permit without an additional cost.  *See* ECF No. 28 at PageID #: 1505.  Ultimately, Defendants argue that Plaintiff's long-term substitute license was properly voided, Defendants are entitled to judgment as a matter of law on Plaintiff's procedural and substantive due process claims, Plaintiff failed to plead and demonstrate that post-deprivation state remedies were inadequate, and that the superintendent is entitled to qualified immunity.

## II.     Standard of Review

"Summary judgment is appropriate when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *Scola v. Publix Supermarkets, Inc.*, 557 F. App'x 458, 462 (6th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)).  The fact under dispute must be "material," and the dispute itself must be "genuine."  A fact is "material" only if its resolution will affect the outcome of the lawsuit.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).  In determining whether a factual issue is "genuine," the Court assesses whether the evidence is such that a reasonable jury could find that the non-moving party is entitled to a verdict.  *Id*.  ("[Summary judgment] will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

4

(5:21CV891)

The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of an essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "The trial court is not required to search the entire record to establish that a genuine issue of material fact exists." *Malee v. Anthony & Frank Ditomaso, Inc.*, No. 1:16CV490, 2018 WL 1805402, at *2 (N.D. Ohio Apr. 16, 2018) (citing *Tucker v. Tennessee*, 539 F.3d 526, 531 (6th Cir. 2008)) (abrogated on other grounds). " '[I]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c),' the court may determine that fact is undisputed." *Malee*, No. 1:16CV490, 2018 WL 1805402, at *2 (quoting Fed. R. Civ. P. 56(e)(2)).

To survive summary judgment, the non-moving party "must 'do more than simply show that there is some metaphysical doubt as to the material facts.'" *Baker v. City of Trenton*, 936 F.3d 523, 529 (6th Cir. 2019) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). Once the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute. An opposing party may not simply rely on its pleadings; rather, it must "produce evidence that results in a conflict of material fact to be resolved" by a factfinder. *KSA Enterprises, Inc. v. Branch Banking & Tr. Co.*, 761 F. App'x 456, 464 (6th Cir. 2019) (quoting *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Srouder v. Dana Light Axle Mfg., LLC*, 725 F.3d 608, 613 (6th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). In analyzing a

5

(5:21CV891)

motion for summary judgment, the Court "must view the evidence in the light most favorable to the nonmoving party." *Lossia v. Flagstar Bancorp, Inc.*, 895 F.3d 423, 428 (6th Cir. 2018) (citing *Latits v. Phillips*, 878 F.3d 541, 547 (6th Cir. 2017).

### III.    Discussion

#### A.  Procedural Due Process Claim

" 'Procedural due process' at its core requires notice and an opportunity to be heard 'at a meaningful time and in a meaningful manner.' " *Garcia v. Fed. Nat. Mortg. Ass'n*, 782 F.3d 736, 741 (6th Cir. 2015).  "The elements of a procedural due process claim are: (1) a life, liberty, or property interest requiring protection under the Due Process Clause, and (2) a deprivation of that interest (3) without adequate process." *Fields v. Henry Cnty., Tenn.*, 701 F.3d 180, 185 (6th Cir. 2012).  "[T]he Supreme Court [has] reasoned…that where a deprivation occurs through random and unauthorized acts, the state has not run afoul of the Due Process Clause unless there is no adequate post[-]deprivation process." *Hayes v. City of Memphis*, No. 12-2253-JDT-TMP, 2015 WL 1345213 (W.D. Tenn. Mar. 2, 2015).  A procedural due process claim fails when Plaintiff does not sufficiently demonstrate that available state remedies are inadequate.[2]  *See Farhat v. Jopke*, 370 F.3d 580, 597 (6th Cir. 2004).

At issue is the voiding of Plaintiff's license and that process's deleterious effect on her right to procedural due process.  There is no dispute that there was a discussion between Boyan and Crain about Boyan's conversation with Plaintiff concerning her application and fee paid for

---

[2]  While "voiding" is not an explicitly stated term in the statute, Ohio Rev. Code Ann. § 119.12(A)(1) provides the adversely affected party with redress for the loss of a license by outlining an appeal process.  Plaintiff's brief (ECF No. 26), arguing that "there was no need to plead and prove post-deprivation remedies" is strong indication that she failed to avail herself of the state's post-deprivation remedial process.  ECF No. 26 at PageID #: 1374.

6

(5:21CV891)

her license.  What Plaintiff needed, however, was a permit and she was seeking assistance

regarding obtaining a permit, without paying an additional fee.  ECF No. 28 at PageID #: 1510.

Plaintiff concedes that the Ohio Department of Education ("ODE"), not the school district, has

the sole authority to void a license, although she asserts that the voiding of a license only occurs

at the request of the school district.  *See* ECF No. 26 at PageID #: 1367 n.3.

      While Plaintiff acknowledges that the ODE is the state actor responsible for depriving

Plaintiff of her due process, she makes no mention of a charge against the ODE or its license

voiding process.  Rather, Plaintiff remains fixated on Defendant Crain's role in the voiding of

her license without her consent.  Even if the Court were to accept Plaintiff's claim that

Defendant Crain pushed for the ODE to void her license without consent, Plaintiff fails to

demonstrate that she was "deprived of property as a result of established state procedure that

itself violates due process rights; or…[to prove] that the defendants deprived [her] of property

pursuant to a 'random and unauthorized act' *and* that available state remedies would not

adequately compensate for the loss."  *Macene v. MJW, Inc.,* 951 F.2d 700, 706 (6th

Cir.1991) (emphasis in original) (quoting *Collins v. Nagle,* 892 F.2d 489, 497 (6th Cir.1989)).

Rather than alleging that the ODE's license voiding process lacked notice and an opportunity to

be heard as necessitated by a Due Process claim, Plaintiff asserted that Defendant Crain, who did

not have the ability to void a license, had it voided without Plaintiff's consent.  *Id.*  Plaintiff fails

to acknowledge the available state remedies and, consequently, fails to show the inadequacies of

such remedies.

      Because, among other things, Plaintiff has failed to show the inadequacy of the state

remedies, she has failed to establish her claim of procedural due process.  Accordingly, the Court

finds in favor of Defendants on the procedural due process claim.

(5:21CV891)

### B.  Substantive Due Process Claim

"Substantive due process is '[t]he doctrine that governmental deprivations of life, liberty or property are subject to limitations regardless of the adequacy of the procedures employed.'" *Johnson v. City of Saginaw, Michigan*, 980 F.3d 497, 513 (6th Cir. 2020).  "Proving a violation of substantive due process requires not only that the challenged state action was arbitrary and capricious, but also that the plaintiff has a constitutionally protected property or liberty interest." *Id.* (quoting *Andreano v. City of Westlake*, 136 F. App'x 865, 870-71 (6th Cir. 2005)).

Plaintiff claims the following violations of her substantive due process rights:

> First of all, she maintains that her ability to teach and/or her license to teach and/or pursuit of her career are both protected property and liberty interests protected by the US Fourteenth Amendment.  The "freedom to choose and pursue a career, `to engage in any of the common occupations of life,' qualifies as a liberty interest which may not be arbitrarily denied by the State."  Further, there was a violation of the Plaintiff's liberty interest due to the voiding itself.  The voiding of her license itself was a disparaging mark on her career.  For one reason, she was effectively downgraded from a license to a permit.  Even though Crain's actions violated the Plaintiff's fundamental rights, his acts meet the shock the conscious test even if no fundamental rights were involved.

ECF No. 26 at PageID #: 1376 (internal citations omitted).

Plaintiff's claim that her license was protected property is unsubstantiated.  Neither the Supreme Court of the United States nor the Sixth Circuit, whose decisions bind the Court, have held that a citizen's ability to hold a government-issued license for a job constitutes a fundamental right to hold said license under the Constitution.  As evidence of this, the ODE "may refuse to issue a license to an applicant; may limit a license it issues to an applicant; may suspend, revoke, or limit a license that has been issued to any person." Ohio Rev. Code Ann. § 3319.31.

8

(5:21CV891)

"The Sixth Circuit Court of Appeals has found that " '[t]o establish a deprivation of a protected liberty interest in the employment context, a plaintiff must demonstrate stigmatizing governmental action which so negatively affects his or her reputation that it effectively forecloses the opportunity to practice a chosen profession.' " *Parrino v. Sebelius*, 155 F. Supp.3d 714, 721-722 (W.D. Ky. 2015) (quoting *Joelson v. United States*, 86 F.3d 1413, 1420 (6th Cir.1996)).

The record does not support Plaintiff's claim of stigmatizing deprivation.  After leaving the position of Culinary Arts Teaching Assistant, for which she needed a license, Plaintiff was assigned as an Instructional Aide in the Powerline Technologies Program at the beginning of the 2019-2020 school year, a role that required an Educational Aide Permit, not a license.  *See* ECF No. 30 at PageID #: 1536.  After that, Plaintiff was reassigned to serve as an Instructional Aide for Study Hall at the beginning of the 2020-2021 school year, a position she continued to hold at the filing of Defendants' Motion for Summary Judgment.  *See* ECF No. 23 at PageID #: 1013. In summary, Plaintiff moved from one position to another and, along the way, obtained the credentials necessary to hold the position.

Plaintiff responds that Defendant Crain's actions "shock the conscience."  *See* ECF No. 26 at PageID #: 1376.  "Actions that shock the conscience are generally so brutal and offensive that they do not comport with traditional ideas of fair-play and decency." *Kouider on behalf of Y.C. v. Parma City Sch. Dist. Bd. of Educ.*, 480 F. Supp.3d 772, 783 (N.D. Ohio 2020).  The Sixth Circuit has established that such a standard is difficult to satisfy.  *See id.*; *see also Blythe v. Schlievert*, 245 F. Supp.3d 952, 957 (N.D. Ohio 2017).  The actions in question pertain to the allegation that Defendant Crain voided Plaintiff's license without her consent.  *See* ECF No. 26 at PageID #: 1364.  Even if the Court were to accept the allegation as true, such actions do not

9

(5:21CV891)

amount to conduct that violates "society's ideas of decency and fair play," especially not under the circumstances presented in this case.  *Dohner v. Neff*, 240 F.Supp.2d 692, 703 (N.D. Ohio 2002).

Plaintiff has failed to establish a violation of a substantive due process right.[3]  The Court, therefore, finds in favor of Defendants on the substantive due process claim.

## A.  Qualified Immunity

"Qualified immunity is a defense government officials can raise when claims arise from the performance of their discretionary functions."  *Meeks v. Larsen*, 999 F. Supp.2d 968, 977 (E.D. Mich. 2014), *aff'd*, 611 F. App'x 277 (6th Cir. 2015).  Government officials performing discretionary functions are shielded from liability unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known.  *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  "To avoid the shield of qualified immunity, a plaintiff must properly plead 'facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct.'"  *Feucht v. Triad Loc. Sch. Bd. of Educ.*, 425 F. Supp.3d 914, 929 (S.D. Ohio 2019) (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 131 S.Ct. 2074, 179 L.Ed.2d 1149 (2011)).

Defendants assert that Defendant Crain[4] "is entitled to qualified immunity from suit because Plaintiff failed to establish that her due process rights were violated."  ECF No. 28 at

---

[3] The Court does not overlook that a license may be preferred to a permit.  That, alone, is not sufficient to sustain Plaintiff's claim of substantive due process.

[4] Defendant Crain was the Superintendent of the Wayne County Schools Career Center, making him a government official.  *See* ECF No. 1 at PageID #: 2.  Perhaps out of an abundance of caution, Defendants raised the qualified immunity defense, noting that Plaintiff asserts the claims against Defendant Crain in his individual capacity as Superintendent.  *See United Pet Supply, Inc. v. City of Chattanooga, Tenn.*, 768 F.3d 464, 484 (6th Cir. 2014); *see also* ECF No. 23 at PageID #: 1023.

10

(5:21CV891)

PageID #: 1521.[5]   The Court does not address the qualified immunity argument of Defendant

Crain, in his individual capacity, because it concludes for the reasons set forth above that

Plaintiff has not sustained her burden to demonstrate a deprivation of her constitutional rights

regarding any of her claims.


## IV. Conclusion

Accordingly, for the reasons stated above, Defendants' Motion for Summary

Judgment (ECF No. 23) is granted.


IT IS SO ORDERED.

March 29, 2023                                                    /s/ Benita Y. Pearson
Date                                                             Benita Y. Pearson
                                                                 United States District Judge

---

[5] *Crawford v. Tilley*, 15 F.4th 752, 760 (6th Cir. 2021) (explaining the burden shifts requiring a plaintiff to show that a qualifying defendant violated a constitutional right and that the right was clearly established at the time of the challenged conduct).

11